UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-CR-00120-SEB-TAB |
| | ) | |
| CHARLES TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing this magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on February 8, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on February 19, 2013, and February 21, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 19, 2013, the court held an initial hearing on the Petition. Charles Turner appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Winfield D. Ong, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty. At the initial hearing:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1. The court advised Mr. Turner of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Turner questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Turner and his counsel, who informed the court they had reviewed the Petition. Mr. Turner requested that the court read the entire Petition to him, and the court did so.

3. The court advised Mr. Turner of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Turner was advised of the rights he would have at a preliminary hearing. Mr. Turner stated that he wished to waive his right to a preliminary hearing.

4. Mr. Turner stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Turner executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Turner of his right to a hearing on the Petition and of his rights in connection with that hearing.

6. Mr. Turner, through counsel, requested more time to consider the violations alleged in the Petition and the matter was continued to Thursday, February 21, 2013, at 3:30 p.m.

7. The government moved for Mr. Turner's detention pending the hearing, and the court heard argument on that request. The court found that Mr. Turner did not overcome by clear and convincing evidence the presumption that he should be detained, and ordered him detained until the hearing on February 21, 2013.

On February 21, 2013, Charles Turner appeared in person with appointed counsel, Michael Donahoe. The government appeared by Winfield D. Ong, Assistant United States

Attorney.  The USPO appeared by Officer Chris Dougherty, who participated in the proceedings. The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. Except for the allegation that appears as the last sentence in violation number 3, which the Government withdrew,  Mr. Turner stipulated that he committed all the Violations in the Petition, 1 through 5, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on February 8, 2013 , as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | The offender submitted a total of six positive urine screens.  He submitted three urine screens which tested positive for marijuana on March 23, 2012; March 30, 2012; and April 13, 2012.  He admitted smoking marijuana to produce the positive screens. The Court was notified via a Report on Offender Under Supervision on June 5, 2012, with a request for no action in order to allow the offender to continue participation in substance abuse treatment. The Court agreed with that recommendation on June 12, 2012. |
| | The offender submitted two urine screens which tested positive for cocaine on September 4, 2012, and October 16, 2012.  He admitted ingesting produce these positive screens.  The Court was notified via a Request to Modify Conditions of Supervision on November 2, 2012.  The offender signed a waiver agreeing to a placement of up to 180 days at a residential reentry center, and the Court ordered that modification on November 7, 2012. |
| | The offender submitted a urine screen which tested positive for |

        marijuana on January 28, 2013.

4     *"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."*

      The offender failed to report for drug treatment sessions on April 4, 2012, and September 11, 2012. He also failed to report for a random urine drug screen on January 25, 2012.

5     "The defendant shall reside for a period of up to 180 days at a Residential Reentry *Center (RRC) as directed by the probation officer and shall observe the rules of that facility."*

      Due to his continuing use of illegal drugs, the Court ordered the offender to be placed at Volunteers of America for up to 180 days. The offender entered Volunteers of America on December 17, 2012. On January 9, 2013, the offender was searched by V.O.A. staff upon entering the facility. The correctional officer on duty located one package of AJoker@ Spice (K2) in each of Mr. Turner=s socks. The offender admitted to the probation officer that he smuggled the contraband into the facility with the intention to smoke it.

      On January 11, 2013, this probation officer conducted surveillance of the offender as he was leaving V.O.A. on a job search pass. The offender entered a van driven by his girlfriend. Within two blocks of the facility, the offender traded places with his girlfriend and began driving the vehicle, without a valid driver=s license. This officer lost contact with the vehicle but proceeded to the offender=s last known address, 2516 E. Washington St. This officer located the van parked outside the residence and located the offender and his girlfriend inside the apartment. This officer admonished the offender for being Aout of place@ on his job search pass and directed him to return to V.O.A. This officer suspected the offender had been using illegal drugs in the residence.

2.     The court placed Mr. Turner under oath and directly inquired of Mr. Turner whether he admitted violation of the specifications of his supervised release set forth above, with the exception of the allegation in the last sentence of violation number 3. Mr. Turner admitted the violations as set forth above.

3. Counsel for the parties and USPO further stipulated to the following:

   a) The most serious grade of violation committed by Mr. Turner constitutes a Grade B violation (U.S.S.G. § 7B1.1(b)).

   b) Mr. Turner has criminal convictions that yield a criminal history category of VI.

   c) The term of imprisonment applicable upon revocation of Mr. Turner's supervised release, therefore, is 21-27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

   d) The appropriate disposition of the case would be: (a) that Mr. Turner's supervised release should be revoked; and (b) that Mr. Turner should be sentence to a term of imprisonment of eighteen (18) months with no supervision to follow.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CHARLES TURNER, violated the above-specified conditions in the Petition and that the disposition to which the parties agreed is appropriate. The defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 18 months, with no supervised release to follow.

The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C). Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Turner's supervised release and imposing a sentence of imprisonment of 18 months in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED.

Date: ___03/05/2013___

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal